IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **09CV02849** BNB

(The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 7 - 2009

GREGORY C. LANGHAM
CLERK

TIMOTHY DOYLE YOUNG,

    Applicant,

v.

BUREAU OF PRISONS,

    Respondent.

---

ORDER DIRECTING CLERK TO COMMENCE A CIVIL ACTION,
CONSTRUING HABEAS CORPUS ACTION AS A *BIVENS* ACTION,
AND INSTRUCTING APPLICANT TO CURE DEFICIENCIES

---

Timothy Doyle Young is a prisoner in the custody of the United States Bureau of Prisons (BOP), who currently is incarcerated at USP Florence. Mr. Young, acting *pro se*, filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. Mr. Young has failed to file the required certificate showing the current balance in his prison account with his request to proceed *in forma pauperis*. The Court, however, has determined that the action is deficient for other reasons as described in this Order. Notwithstanding the deficiencies, the Clerk of the Court will be directed to commence a civil action. Any papers that Mr. Young files in response to this Order must include the civil action number on this Order.

The Court has reviewed the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and finds that Mr. Young is asserting civil rights claims rather than

habeas corpus claims. Mr. Young complains that he is being denied access to the courts and to the U.S. Mail. He also asserts his First and Eighth Amendment rights are being violated because his personal property has been destroyed. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). It is well established in the Tenth Circuit that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), *see, e.g., Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991). Even liberally construing Mr. Young's claims, he has failed to allege a valid factual basis for a § 2241 action.

Mr. Young will be directed to complete the proper, Court-approved form used for filing a prisoner complaint and submit the completed form to the Court if he wishes to pursue his claims. Mr. Young must allege, simply and concisely, the specific claims for relief he is asserting and against whom those claims are asserted. Mr. Young also will be required to submit his request to proceed *in forma pauperis* on a proper Court-approved form. Accordingly, it is

ORDERED that the Clerk of the Court commence a civil action in this matter. It is

FURTHER ORDERED that the action is construed as a civil rights action filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,

403 U.S. 388 (1971), or 28 U.S.C. § 1331, rather than a habeas corpus action filed pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that **within thirty days from the date of this Order** Mr. Young shall complete and file a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Young two copies of the following forms: Prisoner Complaint; Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that if Mr. Young fails to comply with this Order, **within thirty days from the date of this Order**, the action will be dismissed without further notice. It is

FURTHER ORDERED that the Court will not review the merits of Mr. Young's claims until he has complied with this Order.

DATED at Denver, Colorado, this  4th  day of  December , 2009.

BY THE COURT:

_____
BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.    09CV02849

Timothy Doyle Young
Reg. No. 60012-001
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. §1915 and Prisoner Complaint forms** to the above-named individuals on 12/7/09.

                          GREGORY C. LANGHAM, CLERK

                          By: _____
                                 Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __09CV02849__
(To be supplied by the court)

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 27 2009

GREGORY C. LANGHAM
CLERK

__Timothy Doyle Young__, Applicant,

v.

__Bureau of Prisons__
__Dept. of Justice__, Respondent(s).

---

### PRISONER'S MOTION AND AFFIDAVIT FOR LEAVE TO PROCEED PURSUANT TO 28 U.S.C. § 1915 IN A HABEAS CORPUS ACTION

---

I request leave to commence this habeas corpus action without prepayment of fees or security therefor pursuant to 28 U.S.C. § 1915. In support of my request, I declare that:

1. I am unable to pay such fees or give security therefor.

2. I am entitled to redress.

3. I have ___0___ in my prison account.
   (amount)

(Rev. 4/15/02)