IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02849-BNB

TIMOTHY DOYLE YOUNG,

    Plaintiff,

v.

BUREAU OF PRISONS,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 09 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff Timothy Doyle Young is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado. Mr. Young, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. In an order entered on December 7, 2009, Magistrate Judge Boyd N. Boland directed the Clerk of the Court to commence a civil action. Magistrate Judge Boland also found, in the December 7 Order, that Mr. Young is asserting conditions of confinement claims rather than habeas corpus claims in this action.

Relying on *Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991), Magistrate Judge Boland construed the action as filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and

instructed Mr. Young to submit his claims on a Court-approved form used in filing prisoner complaints. Mr. Young also was instructed to submit to the Court a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a certified copy of his inmate trust fund account statement for the six months prior to the filing of the instant action, if he desired to proceed *in forma pauperis*. Otherwise, he was directed to pay the $350.00 filing fee prior to proceeding in this action.

On December 17, 2009, Mr. Young filed a Motion for Stay, in which he asked that the action be stayed until his legal materials are returned to him. Mr. Young also filed a pleading titled "Preliminary Injunction," in which he requests the return of his legal materials so that he is able to prosecute this case. Magistrate Judge Boland denied Mr. Young's request for a stay but allowed him an additional thirty days to comply with the December 7 Order. Subsequently, Mr. Young filed a Notice of Interlocutory Appeal on December 30, 2009, that the Tenth Circuit denied on January 5, 2010, for lack of jurisdiction. On January 21, 2010, Mr. Young filed an Amended Complaint but did not file it on a Court-approved form.

Mr. Young has failed to comply with the December 7 Order within the time allowed. He has failed to submit his claims on a Court-approved form used in filing prisoner complaints, and he has failed to submit a proper 28 U.S.C. § 1915 Motion and Affidavit along with a certified copy of his prisoner trust fund account statement for the six months preceding the filing date of this action.

Although Mr. Young asserts in the Amended Complaint that the Bureau of Prisons will not allow him to "solicit funds for a civil action" (Am. Compl. at 2.), in Case No. 07-cv-02240-ZLW, the Court went to great lengths to determine whether Mr. Young

was provided with the opportunity to obtain a certified copy of his trust fund account statement. *See Young v. Bureau of Prisons*, No. 07-cv-02240-ZLW, Doc. Nos. 1 and 8 (D. Colo. Apr. 10, 2008). Mr. Young simply refuses to follow the required procedures to obtain additional photocopies of the certified copies of his trust fund account. *See Young*, No. 07-cv-02240-ZLW at Doc. No. 9.

Upon review of the 28 U.S.C. § 2241 application form that Mr. Young submitted, the Court finds that Mr. Young's claims properly are asserted in a prisoner complaint. In the Amended Complaint, Mr. Young does assert one claim regarding the loss of good-time credits that may be raised in a § 2241 application. Nonetheless, Mr. Young has failed to submit this claim on a proper Court-Approved form and to provide a certified statement from an officer of the place of his confinement showing the amount of money he currently has in his prison account, as required under Rule 3(2) of the Rules Governing Section 2254 Cases, which is applicable to § 2241 actions under Rule 1(b) of the Rules Governing Section 2254 Cases.

Mr. Young also is subject to filing restrictions under 28 U.S.C. § 1915(g). Asserting conditions of confinement claims in a 28 U.S.C. § 2241 action is an attempt by Mr. Young to circumvent the § 1915(g) filing restrictions. Mr. Young is warned that if he continues to file § 2241 actions and raise conditions of confinement claims the Court will consider sanctions in addition to the § 1915(g) restrictions.

Mr. Young has failed to comply with the December 7 Order and cure the noted deficiencies within the time allowed. Therefore, the Complaint and action will be dismissed. Accordingly, it is

ORDERED that the action is dismissed without prejudice for failure to cure the deficiencies indicated in the order entered on December 7, 2009. It is

FURTHER ORDERED that Mr. Young's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (Doc. No. 1) filed on November 27, 2009, and his Preliminary Injunction pleading (Doc. No. 4) filed on December 17, 2009, are denied as moot.

DATED at Denver, Colorado, this 5th day of February, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02849-BNB

Timothy Doyle Young
Reg. No. 60012-001
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on **2/9/10**.

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                        Deputy Clerk